IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SHAWN ANTONIO SHAVERS, | :: | PRISONER CIVIL RIGHTS |
| Plaintiff, | :: | 42 U.S.C. § 1983 |
| | :: | |
| v. | :: | |
| | :: | |
| R. TIMOTHY HAMIL et al., | :: | CIVIL ACTION NO. |
| Defendants. | :: | 1:13-CV-697-WSD-LTW |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Plaintiff is confined at the Gwinnett County Jail in Lawrenceville, Georgia (the "Jail") as a pre-trial detainee. (Doc. 1.) Plaintiff, pro se, filed a complaint under 42 U.S.C. § 1983 against the superior court judge presiding over his criminal cases, the magistrate judge who bound the cases over to the superior court, the prosecutor on the cases, Plaintiff's current defense lawyer, and the police detective on the cases. (*Id.*)

Plaintiff also filed a motion to appoint counsel, (Doc. 3), and a motion for preliminary injunction, (Doc. 4). In the latter motion, Plaintiff seeks an injunction halting or dismissing his state criminal cases. (Doc. 4.) The Court granted Plaintiff leave to proceed *in forma pauperis*, and the case is now ready for screening under 28 U.S.C. § 1915A.

Federal courts must screen a prisoner's complaint against governments or government officials to determine whether the action: (1) is frivolous or malicious or

fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts may dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the deprivation occurred under color of state law. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010).

The following allegations are taken from Plaintiff's complaint and presumed true for purposes of the § 1915A screening. Gwinnett police arrested Plaintiff in March 2012 for robbery, theft, and false imprisonment, and a grand jury indicted him for those offenses in June 2012. (Doc. 1 at 3, 15.) Defendant Heller, a police detective, was the chief investigator on the case. (*Id.* at 3.) Heller knowingly and maliciously made false statements under oath to obtain the indictment against Plaintiff. (*Id.* at 8.) Despite knowing there was no probable cause to support the charges against Plaintiff, Defendant Kline, the prosecutor, pursued the case and Defendant Doe, the magistrate judge, bound the case over to the superior court without holding a preliminary hearing. (*Id.* at 9.) Defendant Hamil, the superior court

2

judge, unlawfully arraigned Plaintiff and forced counsel upon him despite Plaintiff's desire to proceed pro se. (*Id.* at 9-10.) Defendant Watson, Plaintiff's court-appointed counsel, did not file motions seeking Plaintiff's release from Jail on bond or to dismiss the criminal charges against him. (*Id.* at 10.) Defendant Judge Hamil failed to reprimand the lawyers for their improper acts and refused to consider motions Plaintiff filed pro se because he had appointed counsel. (*Id.* at 11-12.) In addition to seeking an injunction halting or dismissing his criminal case, Plaintiff seeks damages and declaratory relief. (*Id.* at 8-11.)

Federal courts "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283 (the "Anti-Injunction Act"). "[A] federal court injunction of state litigation is to be the exception, not the rule," and "[t]he United States Supreme Court has admonished lower federal courts to hesitate to enjoin state court proceedings," holding that "'[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy.'" *Delta Air Lines, Inc. v. McCoy Rests., Inc.*, 708 F.2d 582, 585 (11th Cir. 1983) (quoting *Atl. Coast Line R.R. Co. v. Bhd. Of*

*Locomotive Eng'rs*, 398 U.S. 281, 297 (1970)). "Because of the sensitive nature of federal interference with state court litigation, the exceptions to the rule against injunctions . . . must be narrowly construed." *Delta Air Lines*, 708 F.2d at 585.

The abstention doctrine set out in *Younger v. Harris*, 401 U.S. 37 (1971) generally bars a federal court from interfering with a pending state criminal prosecution, and "[w]hen a petitioner seeks federal habeas relief prior to a pending state criminal trial the petitioner must satisfy the *Younger* abstention hurdles before the federal courts can grant such relief." *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 (11th Cir. 2004) (quotation marks omitted). Federal courts must abstain from interference with a state criminal prosecution unless there is: (1) great, immediate, and irreparable injury that cannot be addressed by a defense to the criminal prosecution; (2) repetitive and abusive prosecution; or (3) prosecution under a statute that flagrantly violates the Constitution. *Id.* at 46, 53-54. Plaintiff's allegations do not support a plausible finding that any of the exceptions to abstention are warranted here. Plaintiff was indicted by a grand jury, thus dispensing with the requirement of a preliminary hearing, and he may present his defenses to the prosecution via the trial and, if necessary, appellate processes. *See State v. Middlebrooks*, 222 S.E.2d 343, 345-46 (Ga. 1976) ("We hold that a preliminary hearing is not a required step in a

4

felony prosecution and that once an indictment is obtained there is no judicial oversight or review of the decision to prosecute because of any failure to hold a commitment hearing.").

Moreover, claims that would result in release from confinement must be raised in a petition for a writ of habeas corpus after exhausting state remedies, not in a civil rights action under § 1983. *See* 28 U.S.C. § 2254(b)(1) (requiring exhaustion of state remedies as a prerequisite to habeas relief from state custody); *Preiser v. Rodriguez*, 411 U.S. 475, 487-90 (1973) (holding that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement). If Plaintiff's current confinement is illegal and warrants relief now, at least two remedies are available to him under Georgia law. First, "[a]ny person restrained of his liberty under any pretext whatsoever, except under sentence of a state court of record, may seek a writ of habeas corpus [from Georgia courts] to inquire into the legality of the restraint." O.C.G.A. § 9-14-1(a). Second, a criminal defendant who believes there have been irregularities in his criminal case may seek a writ of mandamus from Georgia courts. O.C.G.A. § 9-6-20. In sum, Plaintiff cannot obtain the injunctive relief he seeks under § 1983.

5

Plaintiff's claims for damages and declaratory relief are not viable for at least three reasons.   First, the claim that the defendant detective and prosecutor are maliciously prosecuting Plaintiff is not yet ripe. Malicious prosecution claims do not accrue unless and until the criminal charges against the plaintiff, including any conviction, are fully resolved in his favor. *Heck v. Humphrey*, 512 U.S. 477, 484-87 (1994); *Uboh v. Reno*, 141 F.3d 1000, 1002-04 (11th Cir. 1998).  Plaintiff's criminal charges have not been resolved in his favor.   Second, Plaintiff's claims against the judges are barred by absolute immunity.  Judges are absolutely immune from a civil suit challenging their performance of functions associated with the judicial phase of the criminal process. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004).  Plaintiff's allegations relate solely to the two defendant judges' performance of their judicial functions in his state criminal cases. The judges are therefore immune from relief on Plaintiff's claims.  Third, Plaintiff's claim against his appointed criminal defense lawyer is not viable because the lawyer's representation of Plaintiff in his criminal case is not state action for purposes of § 1983. *See United States v. Zibilich*, 542 F.2d 259, 261 (5th Cir. 1976) (appointed

AO 72A
(Rev.8/82)

criminal defense lawyers do not act under color of law in representing their clients).

For all those reasons, Plaintiff's claims must be dismissed under § 1915A.[1]

Finally, because the Court cannot interfere in Plaintiff's pending state criminal prosecution and his § 1983 claims are not viable, there is no need to appoint him counsel in this case.  Plaintiff also has not shown the exceptional circumstances required for appointment of counsel in a civil action. *See Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987).

For the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff's motion for preliminary injunction [4] be **DENIED** and that this action be **DISMISSED** under 28 U.S.C. § 1915A.  Plaintiff's motion to appoint counsel [3] is

---

[1] Plaintiff also complains about Jail officials censoring his mail, not providing a depository or log for legal mail, allowing him to receive mail only on postcards, and not giving him certified mailing receipts. (Doc. 1 at 12-13.) Those allegations fail to state a plausible claim that Plaintiff has been denied access to the courts. Plaintiff received the Court's earlier order because he filed documents in response to it, and the order was not on a postcard. (*See* Docs. 5, 6, 7.) Plaintiff has not alleged that the mail policies have actually prejudiced him in connection with this case or his state criminal case, in which he admits that he has a lawyer and is not allowed to personally file motions or other documents. See *Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir. 1998) (inmate must show "actual injury," i.e., that jail officials "impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action").

AO 72A
(Rev.8/82)

**DENIED**.

**SO ORDERED & RECOMMENDED**, this $\underline{13}$ day of $\underline{\text{May}}$, 2013.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

8

AO 72A
(Rev.8/82)