IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SHAWN ANTONIO SHAVERS,

        **Plaintiff,**

v.                                                                    1:13-cv-697-WSD

R. TIMOTHY HAMIL et al.,

        **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Linda T. Walker's Final Report and Recommendation ("R&R") [9], recommending that this action be dismissed as frivolous pursuant to 28 U.S.C. § 1915A.  Also before the Court is Plaintiff's Motion for a Preliminary Injunction [4].

## I.    BACKGROUND[1]

On March 4, 2013, Plaintiff Shawn Antonio Shavers ("Plaintiff"),

---

[1] The facts are taken from the R&R and the record.  The parties have not objected to any facts set out in the R&R, and finding no plain error in the Magistrate Judge's findings, the Court adopts them.  See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993) (noting that "[b]ecause [Plaintiff-Appellant] did not file specific objections to *factual findings* by the magistrate judge, there was no requirement that the district court *de novo* review those findings" (emphasis in original).

proceeding *pro se*, filed this action under 42 U.S.C. § 1983, arising from Plaintiff's criminal prosecution currently pending in state court. Defendants are the superior court judge presiding over his criminal cases, the magistrate judge who bound the cases over to the superior court, the prosecutor on the cases, Plaintiff's current defense lawyer, and the police detective on the cases. On March 4, 2013, Plaintiff filed his Motion for a Preliminary Injunction seeking to halt or dismiss his state criminal actions.

Plaintiff alleges the following in his complaint and motions: Plaintiff was arrested in March 2012, for robbery, theft, and false imprisonment. In June 2012, a grand jury indicted him for these offenses. Defendant Heller, a police detective, was the chief investigator on the case. Heller knowingly and maliciously made false statements under oath to obtain the indictment against Plaintiff. Defendant Kline, the prosecutor, pursued the case despite knowing there was no probable cause to support the charges. Defendant Doe, the magistrate judge, bound the case over to the superior court without holding a preliminary hearing. Defendant Hamil, the superior court judge, unlawfully arraigned Plaintiff and, despite Plaintiff's desire to proceed *pro se*, Defendant Hamil appointed Defendant Watson to defend Plaintiff. Defendant Watson, Plaintiff's court-appointed counsel, Plaintiff alleges did not file motions seeking Plaintiff's release from jail on bond or

2

to dismiss the criminal charges against him.  Defendant Hamil, Plaintiff claims, failed to reprimand the lawyers for their improper acts and refused to consider Plaintiff's *pro se* motions, because Plaintiff was represented.  Plaintiff seeks an injunction to enjoin or dismiss his criminal case.  Plaintiff further seeks damages and declaratory relief.

Magistrate Judge Walker conducted a frivolity review of Plaintiff's complaint and motions under 28 U.S.C. §1915A and issued her R&R on May 13, 2013.  The Magistrate Judge found that Plaintiff's civil rights claims are required to be dismissed because (i) they are not ripe, (ii) the Defendant judges are protected by absolute immunity, and (iii) the Defendant defense lawyer's representation of Plaintiff is not "state action" for the purposes of section 1983.  The Magistrate Judge also found that Plaintiff's request for injunctive relief is required to be dismissed because (i) Plaintiff's allegations do not warrant federal intervention in state criminal proceedings, and (ii) Plaintiff can only challenge his confinement at this time through state habeas corpus and mandamus petitions.[2]

On May 28, 2013, Plaintiff moved for an order granting Plaintiff an additional thirty days to respond to the R&R.  The Court granted Plaintiff's motion and set June 30, 2013, as the new deadline for filing objections to the R&R.  On

---

[2] The Magistrate Judge also denied Plaintiff's motion to appoint counsel.

July 2, 2013, Plaintiff filed a second request for extension of time, seeking an additional sixty days to respond to the R&R. The Court granted Plaintiff an additional thirty days to file objections, setting August 1, 2013, as the new deadline to file objections. Plaintiff did not file objections to the R&R.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1) (Supp. V 2011); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). If no party has objected to the report and recommendation, a court conducts only a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam). The parties did not object to the R&R, and the Court reviews it for plain error.

### B. Analysis

The Magistrate Judge found that Plaintiff's claim against the detective and prosecutor for maliciously prosecuting Plaintiff is not ripe because Plaintiff's

criminal charges have not been resolved in his favor.  The Magistrate Judge recommended that Plaintiff's claim be dismissed.  The Court finds no plain error in this recommendation.  See Uboh v. Reno, 141 F.3d 1000, 1004 (11th Cir. 1998) ("[I]n order to state a cause of action for malicious prosecution, a plaintiff must allege and prove that the criminal proceeding that gives rise to the action has terminated in favor of the accused.").

The Magistrate Judge found that Plaintiff's allegations against the Defendant judges related only to the performance of their judicial duties in Plaintiff's state criminal cases.  The Magistrate Judge recommended that Plaintiff's claim be dismissed because judges are immune from actions related to the performance of their judicial functions.  The Court finds no plain error in the Magistrate Judge's recommendation.  See Imbler v. Pachtman, 424 U.S. 409, 418 (1976) ("The common-law absolute immunity of judges for acts committed within their judicial jurisdiction . . . was found to be preserved under section 1983[.]") (citations omitted); see also Jarallah v. Simmons, 191 F.App'x 918, 920 (11th Cir. 2006).

The Magistrate Judge determined that Plaintiff's defense lawyer is not liable under 42 U.S.C. § 1983 because Plaintiff's claim relates to his lawyer's performance as his appointed criminal defense lawyer, and his lawyer thus was not acting as an agent of the state.  She recommended that Plaintiff's claim be

dismissed.  The Court finds no plain error in the Magistrate Judge's recommendation.  See Polk County v. Dodson, 454 U.S. 312, 325 (1981) (holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); see also Burns v. Jorandby, 332 F. App'x 602, 603 (11th Cir. 2009) (citing Dodson, 454 U.S. at 325.).

The Magistrate Judge determined that injunctive relief is not available to the Plaintiff.  The Court is normally required to abstain from interfering in state court proceedings.  Plaintiff's allegations do not support a plausible finding that any exceptions to the abstention rule apply in his case.  The Magistrate Judge recommended that Plaintiff's claims for injunction be dismissed.  The Court finds no plain error in the Magistrate Judge's recommendation.  See Hughes v. Att'y Gen. of Fla., 377 F.3d 1258, 1263 n.6 (11th Cir. 2004) ("[T]he Supreme Court set out three exceptions to the abstention doctrine: (1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised.") (citing Younger v. Harris, 401 U.S. 37, 45, 53-54 (1971)).[3]

---

[3] Because Plaintiff is not entitled to the injunctive relief he seeks, his Motion for a Preliminary Injunction is required to be denied as moot.

**CONCLUSION**

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Linda T. Walker's Final Report and Recommendation [9] is **ADOPTED**, and this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Preliminary Injunction [4] is **DENIED AS MOOT**.

**SO ORDERED** this 7th day of February, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE